**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Onecimo DURAN–MERCADO,**
**Defendant—Appellant.**

**No. 05–30202.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed Aug. 23, 2006.

As Amended on Denial of Rehearing
Nov. 6, 2006.

Helen J. Brunner, Esq., John McKay, Esq., Office of the U.S. Attorney, Seattle, WA, Douglas James Hill, Esq., Tacoma, WA, for Plaintiff–Appellee.

Kenneth W. Sharaga, Esq., Seattle, WA, for Defendant–Appellant.

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Onecimo Duran–Mercado appeals his 168–month sentence imposed after his con-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viction, following a guilty plea, for distributing more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C). Before Duran–Mercado's second sentencing hearing, the district court held an evidentiary hearing to assess the credibility of Duran–Mercado's claim that his cousin threatened to kill his family if he did not sell methamphetamine. The court determined that Duran–Mercado was not credible, that he was a willing participant in the scheme, and thus that the applicable Sentencing Guidelines range was 188 to 235 months. Noting its aim to sentence Duran–Mercado to the same term that his co-defendants had received, the court imposed a below-Guidelines sentence of 168 months. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ The district court did not abuse its discretion in sequestering Dr. Judd, a defense expert witness, from the evidentiary hearing because Duran–Mercado did not show that Dr. Judd's presence in the courtroom was necessary for the management of the case. *See United States v. Seschillie,* 310 F.3d 1208, 1213 (9th Cir. 2002).[2]

■ The district court did not violate Duran–Mercado's Fifth Amendment privilege against self-incrimination by stating that the coercion allegation "was an argument that was minted well after one would expect such an argument to be exposed to the officers or to attorneys."[3] Duran–

Mercado raised this allegation for the first time in a safety valve proffer submitted in anticipation of his resentencing. It is, therefore, unclear whether the court was noting the discrepancy between Duran–Mercado's assertions at his first sentencing hearing and the more recent coercion allegation, which would not implicate the Fifth Amendment, or whether the court was improperly weighing Duran–Mercado's silence regarding this allegation from the time of his arrest through his first sentencing, *see Mitchell v. United States,* 526 U.S. 314, 328–29, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). Even if the court did improperly consider Duran–Mercado's post-arrest silence in assessing the credibility of his coercion allegation, however, such error was harmless beyond a reasonable doubt because the court gave ample independent reasons why it found Duran–Mercado not to be credible. *See United States v. Velarde–Gomez,* 269 F.3d 1023, 1034–35 (9th Cir.2001) (en banc).

■ Finally, the district court's tacit denial of Duran–Mercado's request for a downward departure based on his asserted lack of knowledge of the purity of the methamphetamine does not require a remand for resentencing because we conclude that Duran–Mercado's 168–month sentence was reasonable. *See United States v. Mohamed,* 459 F.3d 979 (9th Cir. 2006). The district court considered the Guidelines to be advisory, weighed the need to avoid disparate sentences with Du-

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Duran–Mercado also asserts that, by sequestering Dr. Judd, the district court failed to accommodate the special needs of a defendant with mental disabilities and therefore violated Duran–Mercado's due process rights.

This issue was not raised before the district court, and therefore it is waived. *See United States v. Smith,* 424 F.3d 992, 1015 (9th Cir. 2005).

3. We review de novo whether the court's reference to Duran–Mercado's silence violated his Fifth Amendment privilege against self-incrimination. *See United States v. Bushyhead,* 270 F.3d 905, 911 (9th Cir.2001).

ran–Mercado's co-defendants, and imposed a sentence below the Guidelines range.

**AFFIRMED.**